NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 14, 2018
Decided November 26, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3635

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:17-cr-75 |
| DEVANTE REED, | |
| *Defendant-Appellant.* | Rebecca R. Pallmeyer, |
| | *Judge.* |

**O R D E R**

DeVante Reed pleaded guilty to distributing and conspiring to distribute heroin and received a sentence of 120 months' imprisonment—five years below the low end of his advisory range under the Sentencing Guidelines. On appeal he challenges only the substantive reasonableness of this sentence, arguing that his designation as a career offender under the Guidelines overstated his criminal history and resulted in an unwarranted sentencing disparity between him and his co-defendants.

Reed worked as a low-level dealer for a heroin-distribution organization known as the "Vanna White Line." The organization operated primarily by telephone, with customers calling in orders and individuals like Reed then delivering the heroin. Co-defendant Joseph Thompson ran the organization and directed the activities of Reed and two other co-defendants. Thompson operated the distribution line for at least five years, but Reed participated for just fourteen weeks, during which the organization sold approximately 588 grams of heroin. Following his arrest, Reed pleaded guilty to violating 21 U.S.C. § 841(a)(1) (distribution offense) and § 846 (conspiracy).

At sentencing Reed did not challenge his status as a career offender but argued that a downward variance was warranted because the career-offender designation overstated his criminal history. The career-offender enhancement raised Reed's offense level to 31, which, together with his criminal history category of VI, yielded an advisory guidelines range of 188–235 months' imprisonment. Without the enhancement, the range would have been 84–105 months. In mitigation, Reed's counsel emphasized Reed's difficult childhood—he grew up homeless and often alone—and his efforts to obtain lawful employment before his federal arrest. Reed also stressed that his sentence should not reflect an unwarranted disparity with those of his co-defendants, each of whom played a greater role in the heroin organization.

The district court sentenced Reed to two concurrent terms of 120 months' imprisonment. In doing so, the court underscored the gravity of distributing heroin and Reed's "previous arrests, convictions, and relatively substantial sentences," which, unfortunately, had not deterred him from returning to drug dealing. On the other hand, the district court took care to recognize Reed's tragic upbringing, observing that Reed grew up with the deck stacked against him.

Reed challenges only the substantive reasonableness of his sentence. He argues that the district court placed too much weight on his career-offender designation and criminal history in selecting an appropriate sentence. His previous convictions, Reed contends, were "low-level street crimes," much like his offense conduct here, and did not entail violence or reflect major drug dealing.

We presume that a below-guidelines sentence is reasonable, see *United States v. Miller*, 834 F.3d 737, 744 (7th Cir. 2016), and Reed has failed to rebut this presumption.

He concedes that the district court not only properly determined that he was a career offender but also accurately calculated the advisory guidelines range. And the record shows that the district court, in sentencing Reed five years below the low end of the advisory range, credited many of the arguments he made in mitigation.

Nor can we accept Reed's contention that his sentence reflects an unwarranted disparity with his co-defendants. Co-defendant Thompson received a sentence of 108 months, within the advisory range applicable to him; co-defendant Mario Cooper received 70 months, below his advisory range; and co-defendant Dewayne Bolden received 72 months, also below his advisory range. But "[a] sentence below the applicable Sentencing Guidelines range cannot be an unwarranted disparity." *United States v. Gonzalez*, 765 F.3d 732, 740 (7th Cir. 2014) (citations omitted). Regardless, the disparity between sentences is sufficiently justified by Reed's more extensive criminal history relative to his co-defendants Thompson and Cooper as well as Reed's career-offender status. See *United States v. Solomon*, 892 F.3d 273, 279 (7th Cir. 2018) (explaining that disparate sentences were warranted even though the less culpable co-defendant received the longer sentence). Likewise, the sentencing disparity between Reed and co-defendant Bolden is warranted because, although both were designated career offenders, Bolden cooperated with the government and appropriately received credit for doing so.

Reed's final contention is that the district judge should have imposed a lower sentence to more fully account for his terrible upbringing and the odds he faced in life. We cannot reverse on this basis. The record shows that the district court fully recognized the difficulties Reed faced growing up, including his lack of any role model and stable family. In the district judge's words, Reed's situation was "as sad a set of circumstances as there could be." The district judge also credited Reed's efforts to obtain work in waste management—a positive initiative that could serve Reed well in the future.

On this record, we cannot say the district court acted unreasonably in sentencing Reed to 120 months' imprisonment.

AFFIRMED